# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:19-CV-2100-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief. ECF No. 22 The undersigned United States Magistrate Judge recommends denying the motion.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff contends that he has been denied the right to correspond with co-plaintiffs. Id. at 1. He states that he has a First Amendment right to correspond with whom he wishes and to be free from arbitrary government interference in his personal pursuits. Id. Plaintiff concludes by stating that the First Amendment applies to the State of California by way of the Fourteenth Amendment to the United States Constitution. Id. He then cites Hale v. Henkel, 201 U.S. 43, 74 (1906) to argue that his rights may only be taken from him through due process of law. Id. Plaintiff attaches a mail cover sheet on which someone has written that the attached mail was inmate to inmate correspondence, not legal mail. Id. at 2.

## II. STANDARD OF REVIEW

The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus maintaining the status quo. Id. A mandatory injunction directs some responsible party to act. Id. at 879.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is *likely* in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20–22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent that prior Ninth Circuit cases suggest a lesser standard by focusing solely on the *possibility* of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see Cottrell, 632 F.3d at 1132; Stormans, 586 F.3d at 1127. Instead, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. E.g., Winter, 555 U.S. at 20; Cottrell, 632 F.3d at 1131; Stormans, 586 F.3d at 1127.

The Ninth Circuit evaluates the above factors under a sliding scale. Cottrell, 632 F.3d at 1131–35. A stronger showing on one factor may offset a weaker showing on another. Id. at 1132. But a plaintiff must make some showing on all four factors. Id. at 1135. Under the scale, if the balance of the hardships tips *sharply* towards the plaintiff, the plaintiff need only show "serious

questions going to the merits" provided that the plaintiff also satisfies the other two factors. Id. at 1131–35. Thus, when there are serious questions going to the merits and a balance of hardships tips sharply towards the plaintiff, a preliminary injunction may issue if the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. Id.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from acting, and thus beyond mere maintenance of the status quo. See id. They require a party to act. Id. District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

## III. DISCUSSION

The Court need not undertake any lengthy analysis. Plaintiff has not established grounds for any relief, let alone a preliminary injunction. Plaintiff's motion does not establish that he is likely to succeed on the merits of his claims, that he faces irreparable harm if this Court does not issue an injunction, that the hardships tip in his favor, or that an injunction is in the public interest. See, e.g., Cottrell, 632 F.3d at 1131–35. Although the United States Court of Appeals for Ninth Circuit has employed a sliding scale under which a stronger showing as to one of the foregoing elements can make up for a weaker showing on another element, Plaintiff has not made any requisite showing on any element. See id.; Ramos, 975 F.3d at 878–88; ECF No. 22. There are simply no grounds on which to grant injunctive relief.

Even construing Petitioner's submissions liberally, Petitioner makes no real argument on any of the elements justifying the extraordinary remedy of an injunction. Petitioner's submissions make no showing satisfying what the Ninth Circuit has determined is the most important factor—likelihood of success on the merits. See Garcia, 786 F.3d at 740. He offers nothing but his allegations of government interference in his ability to correspond with co-plaintiffs. That conclusory allegation is insufficient. Nor, assuming that Plaintiff refers to this case, is it accurate. Plaintiff is the only plaintiff in this case. Moreover, the Court has not yet screened

Plaintiff's first amended complaint under 28 U.S.C. § 1915A and thus cannot say that Plaintiff has established any particular likelihood of success on the merits of his claims.

Furthermore, although the Court need not consider the remaining elements, it is worth noting that Plaintiff's has not remotely established irreparable harm. If true, Plaintiff's allegations that the government (presumably prison officials) have wholly prevented him from corresponding with others, such as by sending mail, could constitute a violation of his constitutional rights. See Thornburgh v. Abbott, 490 U.S. 401, 407–08 (1989); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1209 (9th Cir. 2017); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995); King v. Lemos, No. 1:20-cv-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May. 21, 2021). Deprivation of constitutional rights can qualify as irreparable harm. E.g., Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). But Plaintiff's indefinite allegation that he "is being denied the ability to correspond" with co-plaintiffs and others does not establish that harm. Plaintiff must show that irreparable harm is likely, not just possible. Cottrell, 632 F.3d at 1131. He has not done so.

## IV. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff's motions for injunctive relief (ECF No. 22) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE