IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No.  2:19-CV-2100-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 30.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) the State of California; (2) Rob Bonta, State Attorney General for the State of California; (3) Kristen K. Chenelia, Deputy Attorney General; (4) Tami M. Kerzin, Deputy Attorney General; (5) Paul E. O'Connor, Deputy Attorney General; (6) Sarah M. Brattin, Deputy Attorney General; (7) Lucas L. Hennes, Deputy Attorney General; (8) Joanna B. Hood, Deputy Attorney General; (9) Matthew R. Wilson, Deputy Attorney General; (10) Erik A. Gutierrez, Deputy Attorney General; (11) David C. Goodwin, Deputy Attorney General; (12) Andrea R. Sloan, Deputy Attorney General; (13) R. Lawrence Bragg, Deputy Attorney General; and (14) Alan D. Romero, Deputy Attorney General. ECF No. 30, pg. 1. Plaintiff alleges two claims. See id. at 2.

First, Plaintiff claims:

> Xavier Becerra via State of California agent (now successor Rob Bonta) had intentionally breach [sic] the contract to which was created to discover how Pltf's Secure Party/Creditor (SPC) may "pay" debts at law, as SPC is estopped as there is no lawful and good money to "pay" for anything. Said contract contained a "caveat" for which if said presentment was not to be responded to then the State of California via State Attorney General (its authorized agent) fully consents and agrees to all stated therein.

Id.

Second, Plaintiff alleges an intentional misrepresentation cause of action claiming that none of the deputy attorneys general of California are licensed to practice law. See id.

///

///

2

## II. DISCUSSION

Plaintiff's complaint fails to state a cognizable cause of action under § 1983. Plaintiff alleges a breach of contract claim and a misrepresentation claim. These claims do not implicate the violation of a federal statutory or constitutional right.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged constitutional or statutory deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff does not allege a constitutional deprivation. Merely mentioning or referencing constitutional clauses tilts at windmills. Plaintiff must provide facts that demonstrate or give rise to a constitutional violation. Plaintiff will be provided an opportunity to amend his complaint to state additional facts to cure this defect.

Additionally, accusing all of the deputy attorneys general of a myriad of nonspecific violations is also insufficient. As to each named defendant, Plaintiff must allege which Defendant took what action that caused which specific constitutional violation.

Further, the Court takes judicial notice that the deputy attorneys general listed as defendants are in fact licensed to practice law and are currently active members of the California State Bar.[1]

///

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.

Dated: October 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE